[Cite as *Lampinen v. Lampinen*, 2026-Ohio-2659.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| LEO LAMPINEN, | CASE NO. 2025-L-082 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| KAREN BORER LAMPINEN, | |
| Defendant-Appellant. | Trial Court No. 2022 DR 000484 |

## OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Affirmed

*Susan T. Seacrist*, Seacrist Law Office, L.L.C., 7445 Center Street, Mentor, OH 44060 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, L.L.C., 7351 Center Street, Suite 1, Mentor, OH 44060 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Karen Borer Lampinen ("Wife"), appeals the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, granting her and appellee, Leo Lampinen ("Husband"), a final decree of divorce. Wife challenges the trial court's determination that the residence used during the marriage ("the Townline Road property") is Husband's separate property, the valuation of the marital equity in the home, and her award of spousal support. For the following reasons, we affirm.

{¶2} In December 2022, Husband filed a complaint for divorce, alleging the parties were married on December 18, 2010, and no children were born of the marriage.

Husband further alleged he was removed from the Townline Road property on July 3, 2022, and the parties are incompatible. In January 2023, Wife filed an answer and a counterclaim for divorce.

{¶3} A trial was held before a magistrate in September 2023. Wife proceeded pro se because her attorney had withdrawn several weeks prior and the magistrate had denied her motion for a continuance to obtain new counsel. On this basis, the trial court found Wife's objections well taken, vacated the magistrate's decision, and set the matter for retrial.

{¶4} On August 13, 2024, a one-day trial was held at which Husband, Wife, and Wife's two adult sons, Ken and Frank Borer, testified. Both parties submitted evidence of income, debt, mortgages, and certain personal property, as well as a joint stipulation that was filed on August 8, 2024. Husband also submitted the deed to the Townline Road property. The parties stipulated, inter alia, to the following: (1) Husband is the deeded owner of the Townline Road property, located in Perry, Ohio; (2) Husband purchased the property on June 24, 2009, for $164,500 with a first mortgage balance of $164,500; (3) the current market value is $239,000; and (4) Husband refinanced the mortgage on April 5, 2022, for $161,000. Both parties asked the trial court to award them the Townline Road property. The parties' testimony largely concerned their personal property.

{¶5} In relevant part to the instant appeal, Husband testified his sources of income are from disability ($21,014.28/year), workers' compensation ($18,200/year); and long-term disability ending May 18, 2026 ($5,514.08/year), for a total annual income of $44,616.68. Husband further testified as to his expenses since the parties' separation on July 3, 2022, including the mortgage on the property ($774.65/month), real estate taxes,

house insurance, car insurance for both parties ($130.03/month), apartment rental ($670/month), and credit card bills.

{¶6} Husband testified he purchased the Townline Road property in June 2009 by making a down payment of $50 and securing a mortgage from the United States Department of Agriculture and Rural Development ("USDARD") for $164,500. Because of the payment assistance he received from the USDARD, if the house is sold before the mortgage is paid, there is a potential recapture receivable of $12,506.14. Husband refinanced in April 2022 for $161,000 to lower the monthly payments, and $153,862.51 was due on the principle as of the date of trial. He asked the court to award him the home because "I had owned it. I paid it, paid for it, and it's in my name." He made various improvements to the home during the marriage, including building a waterfall and adding a challis to the shed. An electrical fire occurred in 2021 that destroyed the garage and adjoining room (the "man cave") and caused smoke damage throughout the home. His fire insurance paid for various improvements to the kitchen and the garage. Husband agreed he moved into the house with Wife before they were married, but he did not remember her "do anything" as far as decorating.

{¶7} Both parties stipulated at trial that $161,000 was due on the principal as of the date of trial. Both parties also testified that when Husband refinanced the home in 2022, they did not realize Wife was added as a co-borrower. They also stipulated to the $239,000 value of the home in lieu of admitting an appraisal they had obtained.

{¶8} Wife testified she has been paying $56/month on the parties' joint debt of $3,863.83 to the Internal Revenue Service since their separation. She receives monthly social security income ($1,059) and works part-time for an assisted living facility where

Case No. 2025-L-082

she makes $17/hour, for a total annual income of $17,671.  She has physical disabilities, which limits her ability to work.  Wife further testified she and Husband moved into the Townline Road property together, she left for a time because they "broke up," they were married a year and a half later, and she helped decorate the home.  Currently, one of her sons, Ken Borer, lives with her at the Townline Road property.  He contributes $200 to $300 a month to help with expenses.  Her other son, Frank Borer, testified he could co-sign a loan for the Townline Road property to help her take over the mortgage.

{¶9}  On April 23, 2025, the trial court issued a judgment entry, detailing its findings of fact and conclusions of law from the trial.  The trial court found the Townline Road property was Husband's separate property.  As of June 30, 2024, the principal due on the mortgage was $153,862.21.  The court found the marital equity in the home from the date of trial was $10,637.39, to which Wife was entitled her 50% share of $5,318.69.  The court granted Husband 180 days to remove Wife from the mortgage as "co-borrower."  If, however, Husband is unable to do so, then Husband will be required to immediately list the property for sale.  Should that be the case, Husband will be responsible for all costs of the sale and entitled to retain the net proceeds.

{¶10}  In its determination of spousal support to Wife, the trial court considered the R.C. 3105.18 factors, finding as follows:  (a) Husband's annual income is $44,616.48, and Wife's annual income is $22,434; (b) each party is retired and disabled; (c) Wife is 65 years old, and Husband is 74 years old; (d) no medical documentation was submitted, but there is evidence of heavy drinking at times by each party; (e) Husband has a retirement plan in payout status; (f) the parties were married for 14 years; (g) no evidence was submitted on the parties' standard of living, relative extent of education, contribution

to the other party as to their education, training or earning ability, tax consequences, and/or lost income production capacity of either party as a result of their marital responsibilities; and (h) both parties have large amounts of debt.

{¶11} The trial court awarded Wife spousal support in the amount of $500 per month for 60 months.

{¶12} On June 11, 2025, the trial court issued a final judgment entry of divorce, incorporating by reference its findings of fact and conclusions of law made in the April 23, 2025 judgment entry. As relevant regarding spousal support, the trial court stated:

> The Court made specific findings in its Judgment Entry of April 23, 2025 as to the statutory spousal support factors. The court found an award of spousal support to be paid by the Plaintiff to the Defendant is reasonable and appropriate.
>
> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** commencing the first day of the month following the journalization of the Judgment Entry of Divorce, the Plaintiff shall pay to the Defendant, on the first day of the month, the sum of $500.00 per month for 60 months. Spousal support shall be paid through the Lake County CSEA.

{¶13} Wife timely appealed and raises two assignments of error for our review:

{¶14} "[1.] The Trial Court committed prejudicial error when finding that the marital home was Plaintiff's premarital separate property and shall be retained by Husband and/or only finding that Wife's marital equity was only $5,318.69.

{¶15} "[2.] The Trial Court committed error when calculating Wife's spousal support."

**Division of Real Property**

{¶16} In her first assignment of error, Wife contends the trial court abused its discretion in determining the Townline Road property is Husband's separate property and Wife's share of the active appreciation in the home is only $5,318.69.

Case No. 2025-L-082

{¶17} "A trial court's determination that property is either marital or separate is reviewed under the manifest weight of the evidence standard of review." *Kaydo v. Kaydo*, 2022-Ohio-4055, ¶ 44 (11th Dist.). "Under this standard, the judgment of the trial court will not be reversed if the court's decision is supported by some competent, credible evidence." *Id.*

{¶18} "In divorce proceedings, the court shall . . . determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(B). "Marital property" is defined as "[a]ll real and personal property that currently is owned by either or both of the spouses," or in which either or both spouses have an interest, and "that was acquired by either or both of the spouses during the marriage," as well as "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a)(i)-(iii). "Separate property" is defined, in relevant part, as "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage" and "[p]assive income and appreciation acquired from separate property by one spouse during the marriage." R.C. 3105.171(A)(6)(a)(ii) and (iii). *Accord Degrant v. Degrant*, 2020-Ohio-70, ¶ 59 (11th Dist.).

{¶19} "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). "'Traceability of an asset from its origin as a discrete, separate property to its current status is the primary means

Case No. 2025-L-082

of determining whether the property is separate.'" *Degrant* at ¶ 60, quoting *Hatch v. Hatch*, 2019-Ohio-1414, ¶ 7 (11th Dist.).

{¶20} "When either spouse makes a contribution, whether monetary, labor, or in-kind, that causes an increase in the value of separate property, the increase in the value is active appreciation and deemed marital property." *Salameh v. Salameh*, 2019-Ohio-5390, ¶ 56 (5th Dist.). "However, appreciation as a result of an increase in the fair market value of separate property due to its location or inflation, however, is considered passive income." *Id.* Fundamentally, "[t]he party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." *Id*.; *see also Ruff v. Ruff*, 2023-Ohio-2349, ¶ 36 (11th Dist.).

{¶21} Despite Wife's contention, there is competent, credible evidence supporting the trial court's determination that the Townline Road property is Husband's separate property. Husband testified he purchased the home in June 2009, before the parties were married. He paid a $50 deposit and secured a mortgage for $164,500. The parties were married in December 2010. Husband refinanced the home in April 2022 for $161,000. The parties stipulated neither was aware Wife's name was added to the mortgage when Husband refinanced. The parties separated in July 2022, and Husband continued making the mortgage payments.

{¶22} While Wife asserts the home has always been marital property because the parties were together when Husband purchased the home and they moved into the home together, she also testified they "were together and we broke up, and then I went back. As has long been the rule when there is conflicting evidence, "the weight to be given the

Case No. 2025-L-082

evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Based on our review of the record, we see no compelling reason to disturb the trial court's weight and credibility determinations.

{¶23} Wife also asserts the trial court's valuation of the martial equity in the home was too low, especially in light of the parties' stipulated market value of the property. The parties stipulated the market value of the property was $239,000, based on an appraisal they obtained when Husband refinanced the home for $161,000. Contrary to Wife's assertion, the trial court did not ignore the parties' stipulated value. The court took the stipulated value ($239,000) and subtracted the amount remaining on the mortgage ($153,862.21), to determine the amount of equity in the home ($85,137.79). The only evidence in the record of active appreciation was the payments the parties made on the mortgage during the marriage ($10,637.39). Thus, the court determined the remaining equity ($74,500.40) was passive appreciation. Since there was no other evidence of "a contribution of marital labor or funds," this remaining equity could only be from "an increase in the value of the home due to its location or inflation." *See Tochtenhagen v. Tochtenhagen*, 2010-Ohio-4557, ¶ 45 (11th Dist.) (defining active and passive appreciation).

{¶24} While Wife contends on appeal that the parties increased the home's value by adding various improvements, such as the waterfall and the challis in the shed, the "big" brick patio, the floor in the kitchen, granite countertops, a wood stove, and renovated garage, she did not submit any evidence of the monetary value of those improvements in

Case No. 2025-L-082

the trial court. Nor was there evidence of improvements to the home versus maintenance, such as the restoration following the fire.

{¶25} Accordingly, the trial court's finding that the Townline Road property was Husband's separate property is not against the manifest weight of the evidence. Nor can we find the trial court abused its discretion in calculating the marital equity based upon the active appreciation of the home by using the amount paid on the mortgage during the marriage, which was the only evidence of marital labor or funds submitted by the parties.

{¶26} Wife's first assignment of error is without merit.

## Spousal Support

{¶27} In her second assignment of error, Wife contends the trial court erred in its calculation of spousal support because it did not reiterate its factual findings pursuant to the statutory factors of R.C. 3105.18(C) in the June 11, 2025 final judgment of divorce.

{¶28} A trial court has broad discretion to decide what award of spousal support is equitable based upon the facts and circumstances of each case. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶29} "When determining spousal support, the trial court must provide sufficient detail for the basis of the award to allow adequate appellate review." *Nelson v. Nelson*, 2022-Ohio-658, ¶ 6 (11th Dist.), citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96-97 (1988). "To satisfy the *Kaechele* standard, a trial court must provide some factual support for the award rather than simply stating it considered the factors listed in R.C. 3105.18(C)(1)." *Id.* "In rendering its decision, the trial court is in the best position to

Case No. 2025-L-082

observe the witnesses, which 'cannot be conveyed to a reviewing court by a printed record.'" *Id.*, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). "Moreover, we are 'guided by the presumption that the trial court's findings were indeed correct.'" *Id.*, quoting *Miller* at 74.

{¶30} Pursuant to R.C. 3105.18(C)(1), the trial court is required to consider various factors: (1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) custodian of a minor child preventing employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) lost income that results from the parties' marital responsibilities; and (14) other factors the court deems relevant.

{¶31} Contrary to Wife's contention, the trial court is not required to repeat its R.C. 3105.18(C)(1) findings in the final divorce decree simply because it made its findings in a prior judgment entry. Pursuant to Civ.R. 52, "An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Civ.R. 41(B)(2)." As our review of the record reveals, the trial court issued a detailed judgment entry with its factual findings under each statutory factor. The court incorporated that April 23, 2025 judgment entry into its June 11, 2025 final divorce decree. Thus, the trial court's judgment entries satisfy the *Kaechele* standard, since there is

sufficient detail of the basis for the award for this court to undertake a meaningful appellate review. *See Kaechele* at 96-97.

{¶32} Wife contends the instant case is akin to this court's decision in *Kondik v. Kondik*, 2009-Ohio-2300 (11th Dist.), where we reversed and remanded the matter because the trial court merely recited the statutory factors without explaining how these factors came to bear on its determination, thereby failing to meet the *Kaechele* standard. *Id.* at ¶ 94. *Kondik*, however, is inapposite to the instant case, since in this case the trial court did not merely recite the statutory factors, but provided a sufficiently detailed basis for Wife's award of spousal support, albeit in a separate judgment entry.

{¶33} Because there is no requirement for the trial court to reiterate its findings in a final divorce decree, so long as the findings were made, Wife's second assignment of error is without merit.

{¶34} The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-082

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

Costs to be taxed against appellant.


_____

PRESIDING JUDGE MATT LYNCH


_____

JUDGE JOHN J. EKLUND,
concurs


_____

JUDGE SCOTT LYNCH,
concurs


**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-082